ARTHUR C. LEVERING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LEONARD M. LEVERING, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 5657, 7906.    Decided November 26, 1926.

The share of profit from a joint venture is income to the venturer, although transferred to another immediately upon its receipt.

*Theodore B. Benson, Esq.,* for the petitioners.
*W. Frank Gibbs, Esq.,* for the respondent.

Deficiencies of approximately $4,200 as to Arthur C. Levering and $2,491 as to Leonard M. Levering, Jr., income taxes for the year 1920, resulting from the inclusion by the Commissioner as income of each of the petitioners of a share of the profits of a pool. The cases were duly consolidated for hearing and disposition.

#### FINDINGS OF FACT.

The petitioners are brothers and constitute the partnership of Levering & Levering, carrying on a brokerage business. In 1918 their father organized a pool to buy potash in Germany and import it and sell it in this country. One hundred and five thousand dollars was required to finance the transaction. This amount was subscribed for by several individuals, including the petitioners, although they did not advance or otherwise pay any money into the pool. The aforesaid amount was advanced entirely by the Piedmont Mt. Airy Guano Co., a corporation of which petitioners' father was a large stockholder. The subscriptions of these petitioners were made by them in part individually and in part in partnership.

The petitioners were the principal owners of stock of the Securo Corporation. In the latter part of February or early part of March, 1920, it occurred to them that whatever might be derived from the aforesaid pool would be more beneficial to the Securo Corporation than to the partnership. They therefore decided to have the Securo Corporation receive the amounts.

On May 8, 1920, the partnership received a check for $13,580 as a distributive share from the pool, and on October 1, 1920, a second check for $19,000. These checks were banked by the partnership and credits were made upon the books of the Securo Corporation of the amounts. In each case the journal of the Securo Corporation contained an entry debiting Levering & Levering and crediting miscellaneous merchandise. The partnership did not include the amount of $32,580 in the income shown on its partnership return for 1920, and neither of the partners included any part thereof in his individual return. The Commissioner added to each partner's income his distributive share of the amount, and upon this basis determined the deficiencies in question.

OPINION.

STERNHAGEN: The only evidence is the testimony of one of the petitioners. He testified to all of the foregoing facts. The contention of petitioners' counsel is that the profit from the pool had been assigned to the Securo Corporation and was not income to the members of the partnership. The contention is clearly untenable. The partnership subscribed to the pool and undertook to pay the subscription if called upon. No payment was required. In 1920 a profit of $32,580 was realized from the transaction, and like any other profit it was within the partnership's gross income. What they did with it thereafter does not make it otherwise. So far as this record shows there was no consideration for the credit to the Securo Corporation, and the transfer of the profit after receipt to that corporation does not affect the question.

*Judgment will be entered for the Commissioner.*